UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 46]

## I.   INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*—a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). On April 25, 2020, 31 passengers on the *Grand Princess* ("Plaintiffs") filed this lawsuit against Princess Cruises, alleging negligence and gross negligence. None of the Plaintiffs allege that they tested positive for COVID-19. However, some Plaintiffs allege that they suffered symptoms of the disease. Plaintiffs filed a First Amended Complaint on June 26, 2020, and a Second Amended Complaint ("SAC") on August 4, 2020. The SAC asserts three claims: (1) negligence, (2) nuisance, and (3) gross negligence.

Presently before the Court is Defendant's Motion to Dismiss. For the following reasons, the Court **GRANTS in part** Defendant's Motion.

## II.   FACTUAL BACKGROUND

Plaintiffs' SAC alleges the following:

Plaintiffs were passengers aboard the *Grand Princess*. Defendant, as the operator of the *Grand Princess*, owed a duty to Plaintiffs to ensure that they would not be exposed to unreasonable risk of harm. Defendant breached this duty by failing to take necessary precautions to keep its passengers, crew, and the public safe. For example, when the *Grand Princess* embarked for Hawaii on February 21, there were 62 passengers on board who had also been on the ship's prior voyage to Mexico. Defendant knew that at least two of the passengers on the Mexico voyage disembarked on February 21 with symptoms of COVID-19. Indeed, on February 25, Defendant sent emails to passengers who were on the Mexico voyage notifying them of their potential exposure to COVID-19. Nevertheless, Defendant proceeded with the Hawaii voyage, despite the risk of further infection on the ship. Defendant also failed to warn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

Plaintiffs about their potential exposure to the virus. If Plaintiffs had knowledge of this risk, they would never have boarded the ship.

Defendant also failed to employ proper screening protocols for COVID-19 before boarding on the Hawaii voyage. Before boarding on February 21, passengers were simply asked to fill out a form confirming they were not sick. Passengers were not questioned or examined, even though another one of Defendant's ships, the *Diamond Princess*, suffered a severe outbreak of COVID-19 three weeks prior.

As a result of Defendant's negligence, Plaintiffs suffered from bodily injury and emotional distress. Some Plaintiffs developed symptoms of COVID-19, and many Plaintiffs suffered mental distress as a result of their experience. For example, Plaintiff Kris Parker "suffered from extreme anxiety requiring psychotherapy following her departure from the ship." (SAC ¶ 45, ECF No. 43.) Plaintiff James Bolden suffered "from coughing, shortness of breath, and extreme anxiety" while on the ship and following his departure. (*Id.* ¶ 47.)

Plaintiffs seek punitive damages for Defendant's gross negligence. Plaintiffs also seek punitive damages for nuisance on the basis that Defendant's "actions and inactions created a condition" which "interfered with Plaintiffs' quiet enjoyment of property[.]" (*Id.* ¶ 87.)

### III.     JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.    DISCUSSION**

    **A.    Choice of Law**

The parties appear to agree that maritime law applies to Plaintiffs' claims. The Court thus construes all of Plaintiffs' claims under general maritime law.

    **B.    *Weissberger* and the Zone of Danger Test**

In *Weissberger*, this Court considered whether a group of plaintiffs who were aboard the *Grand Princess* could recover emotional distress damages based solely on their proximity to individuals infected with SARS-CoV-2 and their attendant fear of contracting COVID-19. *See Weissberger v. Princess Cruise Lines, Ltd.*, No. 2:20-CV-02328-RGK-SK, 2020 WL 3977938, at *1 (C.D. Cal. July 14, 2020). These plaintiffs—the "Fear Plaintiffs"—did not allege that they contracted COVID-19 or manifested any symptoms of the disease. They brought two claims against Princess Cruises: negligence and gross negligence. However, because the Fear Plaintiffs sought to recover only for their emotional distress and did not seek compensatory damages or suffer any physical harm, the Court construed their claims as one claim for negligent infliction of emotional distress ("NIED"). *Id.* at *2 (citing *Negron v. Celebrity Cruises, Inc.*, 360 F. Supp. 3d. 1358, 1361 (S.D. Fla. 2018)).

Under federal maritime law, a plaintiff seeking to recover for NIED must satisfy the zone of danger test set forth in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). *Stacy*, 609 F.3d at 1035. In *Gottshall*, a plaintiff alleged that he witnessed the death of a co-worker while on the job, and that this experience caused him severe emotional distress. *Id.* at 536–37. He sought to recover damages from his employer under the Federal Employers' Liability Act ("FELA") for "mental or emotional harm (such as fright or anxiety)…not directly brought about by a physical injury." *Id.* at 544. The Supreme Court recognized "that uncabined recognition of claims for negligently inflicted emotional distress would hold out the very real possibility of nearly infinite and unpredictable liability for defendants." *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 146 (2003) (quoting *Gottshall*, 512 U.S. at 546) (cleaned up). Thus, after considering various limiting tests developed at common law, the Court selected the zone of danger test "to delineate the proper scope of an employer's duty under the FELA to avoid subjecting its employees to negligently inflicted emotional injury." *Id.* (internal quotation marks and bracketing omitted). *Gottshall*'s zone of danger test limits recovery for stand-alone emotional distress claims to two categories of plaintiffs: (1) "plaintiffs who sustain a **physical impact** as a result of a defendant's negligent conduct"; and (2) plaintiffs "who are placed in **immediate risk of physical harm** by that conduct." *Gottshall*, 512 U.S. at 547–48 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

In *Metro-North Commuter R. Co. v. Buckley*, 521 U.S. 424 (1997), the Supreme Court applied the zone of danger test to another plaintiff's claim for damages under FELA. In that case, Buckley, a railroad worker who was exposed to insulation dust containing asbestos, brought a claim under FELA for NIED based on his fear of developing cancer and asbestosis in the future. The "critical question" before the Court was whether Buckley's physical contact with the insulation dust amounted to a "physical impact" under the first prong of *Gottshall*'s zone of danger test. *Id.* at 429. The Court held that it was not. The Court held that the words "physical impact" as used in *Gottshall* do *not* encompass mere "exposure…to a substance that poses some future risk of disease and which causes only emotional distress[.]" *Id.* at 432. Instead, to recover, a plaintiff must manifest some symptom of the feared disease. *Id.* at 427. The Court explained that restricting recovery in this way was appropriate for several reasons, including (1) the special difficulty for judges and juries in separating valid, important claims from those that are invalid or trivial; (2) the threat of unlimited and unpredictable liability; and (3) the potential for a flood of comparatively unimportant, or trivial claims. *Id.* at 433.

The Supreme Court again considered the zone of danger test in *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135 (2003). Like Buckley, the plaintiffs in *Ayers* were exposed to asbestos while on the job. *Id.* at 141–42. However, whereas Buckley did not contract asbestosis, the plaintiffs in *Ayers* did. *Id.* The Supreme Court observed that "*Gottshall* and *Metro-North* describe two categories [of claims]: Stand-alone emotional distress claims not provoked by any physical injury, for which recovery is sharply circumscribed by the zone-of-danger test; and emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." *Id.* at 147. The Court went on to contrast the plaintiffs' claims with those asserted in *Gottshall* and *Metro-North*, stating: "The plaintiffs in *Gottshall* and *Metro-North* grounded their suits on claims of negligent infliction of emotional distress. The claimants before us, in contrast, complain of a negligently inflicted physical injury (asbestosis) and attendant pain and suffering." *Id.* Observing that "claims for pain and suffering associated with, or 'parasitic' on, a physical injury are traditionally compensable[,]" the Court concluded not only that the plaintiffs could seek asbestosis-related pain and suffering damages, but also that the plaintiffs could seek compensation for their fear of getting cancer in the future. *See id.* at 158.

In *Weissberger*, the Court ultimately found that the Fear Plaintiffs' NIED claim did not satisfy the zone of danger test. First, these plaintiffs did not satisfy the first prong of the test because there was no physical impact—this was the classic "exposure-only" scenario discussed in *Metro-North*. Second, the Fear Plaintiffs failed to satisfy the second prong, which is usually reserved for "near miss" cases, *see, e.g.*, *Stacy*, 609 F.3d at 1034 (holding that plaintiff was in the zone of danger when he was aboard a fishing vessel that narrowly avoided colliding with another vessel), because this would "mean[] that it would be possible to sneak in through the back door what the Court [in *Metro-North*] expressly forb[ade] from coming in through the front." *Weissberger*, 2020 WL 3977938, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |


Here, Plaintiffs argue that this case is distinguishable from *Weissberger* because some of the 31 Plaintiffs allege that they experienced "specific symptoms that are consistent" with COVID-19, including fever, fatigue, coughing, nausea, sore throat, and shortness of breath. (Opp. at 1, ECF No. 51.) As for the remaining Plaintiffs, Plaintiffs do not contend that they either contracted COVID-19 or suffered any symptoms of the disease. Plaintiffs also do not contend that any of the 31 Plaintiffs tested positive for COVID-19 at any time.

       *1.*    *The Plaintiffs Who Did Not Test Positive for COVID-19 or Experience Any Symptoms*

As an initial matter, the Court finds that the Plaintiffs who do not allege that they either contracted COVID-19 or suffered symptoms of the disease fail to state a claim for negligence or gross negligence for the same reasons set forth in *Weissberger*. These Plaintiffs assert a stand-alone claim for emotional distress—i.e., they do not allege that a physical injury provoked their emotional distress. Thus, they must satisfy *Gottshall's* zone of danger test. *See Ayers*, 538 U.S. at 147. They cannot recover under the first prong of this test because the physical-impact requirement is not satisfied by mere exposure to a disease. *See Metro-North*, 521 U.S. at 432 ("the words 'physical impact'. . . do not include a contact that amounts to no more than an exposure…to a substance that poses some future risk of disease[.]") Nor can they recover under the second prong because this would lead to "bizarre results[.]" *Weissberger*, 2020 WL 3977938, at *3. As explained in *Weissberger*, "[u]nder Metro-North, a passenger aboard the *Grand Princess* who was merely exposed to an individual with COVID-19 could only recover under the first prong of the zone of danger test if they either contracted COVID-19 or manifested symptoms of it. Yet under Plaintiffs' proposed interpretation, that same passenger could recover without manifesting any symptoms whatsoever so long as they cleverly pled their claim under the second prong of the test." *Id.* Accordingly, the Court dismisses the negligence and gross negligence claims of the Plaintiffs who do not allege that they either contracted COVID-19 or experienced any symptoms of the disease.[1] This dismissal is with prejudice, as leave to amend would be futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

---

[1] Specifically, the Court dismisses the negligence and gross negligence claims brought by: (1) Kris Parker, (2) Tom Rochat, (3) Dianne Casassa-Zimmerman, (4) Guadalupe Mendez, (5) Macielo Salazar, (6) Isabelle Ng, (7) Tom Ng, (8) Wiley Rowe, (9) Michelle Smith, (10) Steven Smith, and (11) Mario Batz. These Plaintiffs allege only that they experienced "anxiety." Plaintiffs do not contend that anxiety is a symptom of COVID-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

   2.   *The Plaintiffs Who Did Not Test Positive for COVID-19 But Experienced Symptoms Consistent With COVID-19*

The Court next turns to the remaining Plaintiffs who do allege that they suffered COVID-19 symptoms.[2] These Plaintiffs allege that they suffered a variety of symptoms, including: coughing, shortness of breath, nausea, fever, headaches, body aches, and fatigue.[3] However, Defendant argues that these Plaintiffs fail to state a claim for negligence and gross negligence because (1) they were not within the zone of danger, (2) they fail to adequately allege causation, and (3) they allege an incorrect standard of care.

First, the Court disagrees that Plaintiffs' claims must be dismissed because they were not within the zone of danger. In *Ayers*, the Supreme Court observed that "*Gottshall* and *Metro-North* describe two categories of claims for emotional distress damages: Stand-alone emotional distress claims not provoked by any physical injury, for which recovery is sharply circumscribed by the common-law zone-of-danger test; and emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." *Ayers*, 538 U.S. at 136. Here, Plaintiffs allege that they suffered physical harm in the form of a variety of COVID-19 symptoms and that they suffered emotional distress as a result. Thus, their claims fall into the second category of claims, "for which pain and suffering recovery is permitted." *Id.* Stated differently, their recovery is not circumscribed by the zone of danger test. Defendant's argument is therefore inapposite.

The Court does agree, however, that Plaintiffs have failed to adequately allege causation. In the SAC, Plaintiffs allege that they suffered various COVID-19 symptoms while on the ship and after their departure. But they do *not* actually allege that they contracted COVID-19, nor do they allege the time they began experiencing symptoms. While a plaintiff need not rule out all other possible causes of harm, the complaint must include factual allegations that "allow[] the court to draw the reasonable inference" that the defendant's conduct caused the alleged harm. *Iqbal*, 556 U.S. at 678. Here, Plaintiffs have failed to allege sufficient factors to render the causation allegations plausible, not merely possible. The Court therefore dismisses Plaintiffs' claims without prejudice. Should Plaintiffs file a Third Amended

---

[2] These Plaintiffs include (1) James Bolden, (2) Paulette Schmidt, (3) Deborah Pryor-Bruns, (4) Dennis Bruns, (5) Chris Grady, (6) Belinda Hill, (7) Jack Hill, (8) Sheila Pryor, (9) Joe Pryor, (10) Robin Rowe, (11) Donald Stair, (12) Eileen Stair, (13) Stella Torrez, (14) Cindy Van Horn, (15) David Van Horn, (16) Michael Dalton, and (17) Aurora Kirby. Hereinafter, the Court refers to these 17 Plaintiffs collectively as "Plaintiffs."

[3] The CDC lists all of these as possible symptoms of COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

Complaint, they must allege whether they contracted COVID-19, when they believe they were exposed to COVID-19, and when they first began experiencing symptoms.

Third, the Court disagrees that the SAC must be dismissed for failure to allege the correct standard of care. In the SAC, Plaintiffs allege that Defendant owed Plaintiffs "the duty of a common carrier, ***or alternatively, the duty to exercise reasonable care***, to ensure that its paying passengers would not be exposed to unreasonable risk of harm that PRINCESS knew or should have known about while sailing on its vessel." (SAC ¶ 74 (emphasis added).) "Maritime law requires a cruise ship 'to exercise reasonable care under the circumstances of each case.'" *Casorio v. Princess Cruise Lines, Ltd.*, 677 F. App'x 361, 362 (9th Cir. 2017); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). Thus, Plaintiffs' negligence claim is indeed foreclosed to the extent it seeks to impose the higher common-carrier duty on Defendant. But Plaintiffs alleged the correct duty of care in the alterative.[4] Accordingly, dismissal is not appropriate.

Finally, the Court has yet to address three Plaintiffs: Larry Schwindt, Connie Schwindt, and Debra Dalton. The Schwindts allege that they were hospitalized after disembarking the *Grand Princess*. They do not, however, allege that they suffered any symptoms of COVID-19. The Court therefore dismisses the Schwindts' negligence claims without prejudice. Should an amended Complaint include the Schwindts, it must include allegations that the Schwindts suffered symptoms of COVID-19, identify those symptoms, as well as the causation allegations indicated above.

Debra Dalton ("Dalton") does not allege that she suffered any symptoms of COVID-19. In fact, the SAC is largely silent as to Dalton. However, this appears to be an inadvertent omission. The Court thus dismisses her negligence claims without prejudice.

### C.    Plaintiffs' Nuisance Claim

Plaintiffs allege that Defendant is liable for nuisance because Defendant created "a condition…that was harmful to health" and "interfered with Plaintiffs' quiet enjoyment of property[.]" (SAC ¶¶ 87–88.) Defendant argues that this claim must be dismissed because (1) maritime law does not recognize claims for private nuisance, and (2) even if such a claim existed, Plaintiffs have not sufficiently alleged that Defendant interfered with property in which Plaintiffs had a concrete and proprietary interest. Plaintiffs "do not contest the dismissal of their nuisance claim and admit that

---

[4] The Court does not believe that the mere fact that the pleading omits the words "under the circumstances" warrants dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03788-RGK-SK | Date | September 18, 2020 |
|---|---|---|---|
| Title | *Kris Parker et al v. Princess Cruise Lines Ltd* | | |

dismissal of that claim is appropriate for the reasons spelled out in [Defendant's] motion to dismiss." (Opp. at 2 n.1.) The Court therefore dismisses Plaintiffs' nuisance claim.

### D. The Request for Loss-of-Consortium Damages

In the SAC, Plaintiff Aurora Kirby ("Kirby") seeks damages for loss of consortium based on the injuries suffered by her husband, who is not a party to this case. (SAC ¶ 71.) Defendant argues that any such damages are foreclosed under maritime law. Indeed, Defendant correctly observes that the Ninth Circuit has held that "loss of consortium and loss of society damages are not available … under general maritime law" for "the dependents of a passenger injured in an accident at sea." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1408 (9th Cir. 1994). Plaintiffs' Opposition is silent on this issue. The Court thus agrees that, pursuant to *Chan*, Kirby's request for loss-of-consortium damages is foreclosed.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendant's Motion. Any amended Complaint must be filed within **10 calendar days of Order's issuance.**

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | jre |